IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BROOKE HILYER, Individually and as Parent and Next Friend of L.H., ) ) ) Plaintiffs, ) ) v. ) ) ELMORE COUNTY BOARD OF ) EDUCATION, ) ) Defendant. ) | CIVIL ACT. NO. 2:22-cv-705-ECM [WO] |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

This cause is before the Court on a motion to dismiss, filed by the Defendant Elmore County Board of Education ("the Board"). (Doc. 16).

Plaintiffs, Brook Hilyer in her individual capacity and as Next Friend of L.H., filed a complaint in this Court on December 18, 2022. The complaint asks the Court to set aside the findings by a Hearing Officer, find that the Board did not provide a free appropriate public education to L.H., and provide L.H. with compensatory education services.

Upon consideration of the record and law, for reasons to be discussed, the motion is due to be DENIED in part, but claims conceded by the Plaintiffs are due to be DISMISSED.

**II. STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that

the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

### III.  FACTS AND PROCEDURAL HISTORY

The facts and procedural history as alleged in the complaint are as follows:

This case arises out of a due process proceeding initiated by the Plaintiffs in April, 2022. L.H. is a student in the Board's district and receives educational services through the Board's special education program. The Plaintiffs sought a due process hearing because they contended that L.H. was denied a free appropriate public education ("FAPE") for reasons which included following: the district failed to develop and implement an

individualized education program ("IEP") that addresses all of L.H.'s disabilities and that are based on peer-reviewed research, the district did not implement an IEP that acknowledged that L.H. had not mastered his goals, and the district also failed to provide extended school year services. (Doc. 24-2 at 22).  The Plaintiffs also claimed during the administrative process that the parent was left out of education decision-making, that L.H. should not be required to transfer to a school that is not his home-school, and that L.H. was not provided occupational therapy. *Id.*

An administrative hearing was held August 16, 2022 and September 16, 2022.  The Final Decision of the Hearing Officer was rendered on October 19, 2022.  The Hearing Officer concluded that the school district provided a free appropriate public education to L.H. in his least restrictive environment. (Doc. 24-2 at 36).

On appeal, the Plaintiffs claim that a free appropriate education was denied L.H. because L.H.'s IEPs did not address all of his disabilities and were not based on peer-reviewed research, the IEPs lacked measurable goals, the IEPs failed to acknowledge that L.H. has not mastered any measurable goals, no extended school year services were provided, and the IEPs lacked inclusion with L.H.'s peers who are not disabled. (Doc. 1 at 12).  The Plaintiffs further claim that the parent was not included in decision-making, the student was required to transfer to a school that was not his home-school, and that L.H. was not provided occupational therapy. (*Id.*).  Within the complaint, however, the Plaintiffs concede the claims regarding school site selection and occupational therapy. (*Id.* para. 66 & 67).

## IV.  DISCUSSION

The Board moves to dismiss some of the Plaintiffs' claims in this case on the ground that they are untimely.  In response, the Plaintiffs concede that any claims based on events occurring more than two years before the filing of the complaint for due process are due to be dismissed. (Doc. 25 at 5).  In addition, as noted above, the Plaintiffs concede any claim that requiring a student to transfer to a school that is not his home-school is a violation of FAPE (*id.*) and based on the actions of the occupational therapist.

As to the remaining claims, the Board moves to dismiss for failure to exhaust administrative remedies the Plaintiffs' claim for extended year services and the claim that L.H. was not provided scientifically based instructional practices. The Board contends in its motion that no testimony was presented at the due process hearing regarding extended year services or scientifically based practices, and that the Hearing Officer did not mention extended school services or scientifically based practices in the Final Decision.

The Plaintiffs dispute the Board's position, pointing out that in the Hearing Decision incorporated by reference into their complaint, extended year services was one of the four issues the Plaintiffs pointed to in the complaint before the Hearing Officer as being a failure to provide FAPE.  In their brief in this case, the Plaintiffs also clarify that peer-reviewed research is an example of the denial of a scientifically based instructional practice they claim in the instant appeal. (Doc. 25 at 4).

Upon review of the decision of the Hearing Officer, it is clear that the Hearing Officer considered the lack of extended school year services to have been identified by the

4

Plaintiffs as example of failure to implement an appropriate IEP. (Doc. 24-2 at 22). The Hearing Officer's decision also identifies as an "issue presented" in the due process hearing that the Plaintiffs contended that L.H. was denied FAPE because his IEP was not based on peer-reviewed research. (*Id.*). These statements demonstrate that extended year services and peer-reviewed research were raised in the administrative process. Therefore, the motion to dismiss is not due to be granted for failure to exhaust.

The Board has raised an additional argument with regard to the claim based on a failure to provide scientifically based instructional practices. The Board contends that scientifically based practices requirements were removed from IDEA in 2017. In response, the Plaintiffs argue that under current law an IEP is to be based to the extent practicable on peer-reviewed research. As noted above, the Plaintiffs have clarified that their claim of a lack of scientifically based practices is a claim based on a lack of practices based on peer-reviewed research. The Plaintiffs point to a federal regulation which requires that an IEP include "[a] statement of the special education and related services and supplementary aids and services, based on peer-reviewed research to the extent practicable, to be provided to the child . . . ." 34 C.F.R. § 300.320(a)(4).

Given the Plaintiffs' clarification of the nature of the claim they assert on appeal, namely, that it is a claim based on a lack of peer-reviewed research as a basis for the educational services L.H. received, the Court cannot conclude at this point in the proceedings that the Plaintiffs' claim is due to be dismissed as improperly asserting a lack of scientifically based practices.

## V.  CONCLUSION

For the reasons discussed it is hereby ORDERED as follows:

1. The Plaintiffs' claim based on requiring L.H. to transfer to a school which is not his home-school, his claim that the occupational therapist violated his IEP, and any claim arising from actions taken more than two years before the complaint for due process was filed are DISMISSED, and the motion to dismiss (doc. 16) is GRANTED to that extent.

2. The motion to dismiss is DENIED in all other respects.

Done the 2nd day of May, 2023.

                                      /s/Emily C. Marks
                               EMILY C. MARKS
                               CHIEF UNITED STATES DISTRICT JUDGE